IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-02073-D

**United States of America**,

    Petitioner,

v.                                    **Order**

**Edward Bagley**,

    Respondent.

    Respondent Edward Bagley seeks to depose T.K., an individual the United States has designated as a potential witness at his upcoming civil commitment hearing. He seeks to obtain T.K.'s sworn testimony so that he can use the transcript for various evidentiary purposes, including impeachment and cross-examination.

    The United States opposes Bagley's request. It notes that she is one of Bagley's victims, and that he inflicted years of physical and sexual abuse on her. Allowing Bagley's counsel to depose her about that abuse, the United States claims, would re-traumatize her and cause her emotional distress. And it points out that Bagley has thousands of pages of discovery, hundreds of which relate to T.K., that he can use to prepare for the hearing. So in the United States' view, the court should not allow him to depose T.K.

**I.**    **Background**

    On March 31, 2025, the United States certified Bagley as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248. The scheduling order entered by the court required the parties to get permission from the court to depose anyone other than Bagley and their expert witnesses. Order at 5, D.E. 13. The court also ordered that

discovery would conclude on December 30, 2025, and it set Bagley's commitment hearing for April 2026. Orders, D.E. 21, 31, 33; Notice, D.E. 27.

In its initial disclosures, the government identified "T.K." as a potential fact witness at the commitment hearing. On the day discovery ended, Bagley asked the court for permission to depose T.K. Mot., D.E. 34. He claimed that he was "entitled to obtain her sworn testimony in advance of the proceeding so that an accurate and complete transcript is available for impeachment, cross-examination, and evidentiary use" as the Federal Rules allowed. *Id.* at 2. The United States opposes this request. Resp. in Opp'n, D.E. 35. It claims that requiring T.K. to testify at a deposition would traumatize her and cause her emotional harm, notes Bagley has access to hundreds of pages of materials about T.K.'s allegations, and criticizes Bagley for waiting until the final day of discovery to seek to depose her. *Id. passim*.

## II.     Discussion

The Adam Walsh Act empowers the Attorney General to seek to have sexually dangerous persons in federal custody civilly committed. 18 U.S.C. § 4248(a). To do so, the Attorney General must certify to the district court for the district in which the person is confined that the person qualifies as a sexually dangerous person under federal law. *Id.* The district court must then hold a hearing and determine whether the Attorney General can show by clear and convincing evidence that the person is, in fact, a sexually dangerous person. *Id.* § 4248(d). If the Attorney General can make this showing, the person who is the subject of the certification will be civilly committed until it is determined that he is no longer sexually dangerous or will not be sexually dangerous if he

2

complies with treatment. *Id.* § 4248(e). The committee can also periodically request a hearing to determine whether he should be discharged from the Attorney General's custody. *Id.* § 4247(h).

The Act allows a committed person the right to present evidence, testify, subpoena witnesses, and confront and cross-examine witnesses at commitment-related hearings. 18 U.S.C. §§ 4248(c), 4247(d); *United States* v. *Comstock*, 627 F.3d 513, 515 (4th Cir. 2010). But it does not discuss whether and to what extent the parties may conduct discovery into commitment-related issues.

This court has filled that gap in its standing order on the procedures that will govern civil commitment proceedings for sexually dangerous offenders. E.D.N.C. Standing Order No. 13-SO-2. That standing order allows the parties to "engage in any discovery allowed by the Federal Rules of Civil Procedure" except as otherwise provided in the standing order. *Id.* ¶ 9. Among the Standing Order's limitations is that parties may not depose anyone other than the respondent and expert witnesses unless allowed to do so by the court. *Id.*

As in any civil case,[1] the Federal Rules of Civil Procedure govern the scope and manner of discovery. The Rules generally allow for discovery into any matter that is relevant to the parties' claims and defenses and relevant to the needs of the case. Fed. R. Civ. P. 26(b)(1). Among the court's considerations when assessing the proportionality of a discovery request is "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

---

[1] Even though "civil commitment hearings are not an ordinary civil matter[,]" *United States* v. *Edwards*, 777 F. Supp. 2d 985, 994 (E.D.N.C. 2011), proceedings under § 4248 are civil, not criminal, in nature, *United States* v. *Timms*, 664 F.3d 436, 456 (4th Cir. 2012). Respondents in § 4248 matters thus do not receive the heightened protections that the Constitution affords to criminal defendants. *United States* v. *Comstock*, 627 F.3d 513, 523 (4th Cir. 2010) (citing *Kansas* v. *Hendricks*, 521 U.S. 346, 364–65 (1997) (in turn citing *Allen* v. *Illinois*, 478 U.S. 364, 371–72 (1986))).

But a party may be prohibited from engaging in certain types of discovery even if it falls within the scope of discovery allowed by the Federal Rules. For example, "the court must limit . . . the extent of discovery otherwise allowed" by the Federal Rules. *Id.* Rule 26(b)(2)(C). Those circumstances include when discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" *Id.* 26(b)(2)(C)(i). And when a party seeks to compel discovery, the court may deny the request and issue a protective order prohibiting discovery to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* 37(a)(5)(B) & 26(c).

Deposing T.K. is not proportional to the needs of the case because the likely burden on T.K. substantially outweighs the marginal benefit of her deposition. Bagley subjected T.K. to years of physical and sexual abuse. Considering that history, the court agrees with the United States that requiring her to provide deposition testimony about the abuse inflicted on her by Bagley is likely to re-traumatize T.K. and cause her substantial emotional distress. And given that Bagley has received substantial documentary evidence regarding T.K. in connection with his commitment proceedings, it is unlikely that her deposition testimony will yield new information. So the court concludes that Bagley's request to depose T.K. would unduly burden her and is not proportional to the needs of the case. Thus it must be denied. *See Medlin* v. *Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987) (observing that a court may block or delay a deposition to protect deponent's health or prevent emotional harm).

It is true that testifying at Bagley's hearing has the same potential to result in emotional harm to T.K. since her testimony will cover much of the same information as her deposition would. But at the hearing, unlike at a deposition, the court will preside and enforce the Federal Rules of

Evidence in real time. *Compare* Fed. R. Evid. 402 (deeming evidence admissible only if relevant and otherwise permissible under the Federal Rules of Evidence) *with* Fed. R. Civ. P. 30(c)(2) (explaining that deposition "testimony is taken subject to any objection."). The court's ability to control the scope and duration of T.K.'s questioning at the hearing provides a safeguard for her well-being that is not present in a deposition.

What's more, Bagley has not explained why the documentary evidence in his possession does not provide him with enough information to prepare to cross-examine T.K. at his hearing. T.K. provided detailed statements about Bagley's conduct, which put him on notice of the likely substance of her testimony. And while she may not have made these statements under oath, she still faced potential criminal liability for making false statements to law enforcement. *See* 18 U.S.C. § 1001. Discrepancies between her hearing testimony and her prior statements would provide an effective means of impeachment. So the court concludes that the available documentary evidence provides a less burdensome way of obtaining the same or substantially similar information as taking T.K.'s deposition. As a result, his request to depose T.K. is denied.

### III. Conclusion

Since deposing T.K. would impose a significant emotional burden on her while offering minimal benefit to Bagley beyond the existing documentary record, the court concludes that it is not proportional to the needs of the case. The motion (D.E. 34) is thus denied.

Dated: February 12, 2026

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge